## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Daniel S. Hodge,

        Plaintiff,

vs.

Faribault County; Correctional Officer Joe
Anderson and Correctional Officer Kent
Boettcher, in their individual and official
capacities; and  Nurse Jane Doe 1 and
Correctional Officers Does 2-10, Faribault
County employees, the identities of whom
are presently unknown to Plaintiff, in their
individual and official capacities,

        Defendants.

Court File No.


**COMPLAINT WITH
JURY DEMAND**

---

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution and under the common law of the State of Minnesota, against Faribault County and its employees, in their individual and official capacities.

2. It is alleged that the individual Defendants violated Plaintiff's constitutional right to bodily integrity, unlawfully punished Plaintiff, and engaged in conduct against Plaintiff that is shocking to the conscience, thereby violating Plaintiff's rights to due process of law under the Fourteenth Amendment to the United States Constitution. It is also alleged that these violations were committed as a result of policies and customs of Defendant Faribault County. It is further alleged that Defendants committed negligence against Plaintiff under Minnesota

state law and discriminated against Plaintiff in violation of the Americans with Disabilities Act.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Daniel Hodge was at all material times a resident of the State of Minnesota and of full age.

6. Defendant Faribault County is a municipal corporation and the public employer of the individual Defendants named in this lawsuit. Defendant Faribault County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including the individually named Defendants.

7. Defendant Nurse Doe 1, the identity of whom is presently unknown to Plaintiff, was at all times relevant to this complaint duly appointed and acting Nurse of the Faribault County Jail, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Faribault County.

8.  Defendants Officers Anderson and Boettcher and Officers Does 2-10, the identities of whom are presently unknown to Plaintiff, were at all times relevant to this complaint duly appointed and acting Correctional Officers of the Faribault County Sheriff's Office, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Faribault County.

**FACTS**

9.  On February 25, 2011, Plaintiff Daniel Hodge was arrested by the City of Wells Police Department and admitted and booked into the Faribault County Jail. Mr. Hodge was booked into the Faribault County Jail at approximately 3:00 p.m.

10. At the time of his arrest, Mr. Hodge was severely disabled and handicapped and suffering from a number of physical illnesses and conditions. Mr. Hodge weighed approximately 350 pounds, was diagnosed with diabetes, had his left leg amputated below the knee, had all of his toes amputated on his right foot, was suffering from arthritis in his right wrist (which prevented Mr. Hodge from being able to bend his right wrist), was suffering significant back and neck pain, and was suffering from a prior right elbow injury (which prevented Mr. Hodge from being able to bend his right elbow). Because of these physical disabilities, Mr. Hodge was bound to a wheelchair, could not walk or move around without a wheelchair, and had limited ability to care for himself or complete personal hygiene tasks. At the time of his arrest, Mr. Hodge relied on the assistance of a PCA and his family for personal care and hygiene needs.

11. In addition, on or about February 24, 2011, Mr. Hodge was in a hospital for cancer screening, during which dye had to be injected into his left arm for a CT-Scan. During this procedure, an accident occurred and the injection missed the vein, pumping Mr. Hodge's left arm with

dye. This accident caused Mr. Hodge to suffer severe pain and swelling in his left arm to the point that Mr. Hodge could barely move his left arm and could not bend the fingers on his left arm. When Mr. Hodge was booked into the Faribault County Jail, he was still experiencing the effects of this medical accident, and the pain, swelling, and inability to move his left hand and fingers had not improved. In addition, when he was booked into the Faribault County Jail, Mr. Hodge was also suffering from diarrhea related to his diabetes. As a result of Mr. Hodge's disabilities and the medical accident, Mr. Hodge had severely limited use of his hands and fingers when he was booked into the Faribault County Jail and was unable to wash himself or use the toilet without assistance.

12. Because of Mr. Hodge's size and disabilities, Mr. Hodge had to be transported to the jail by ambulance. The paramedics assisted Mr. Hodge inside the jail, and one of the arresting Wells police officers brought Mr. Hodge's wheelchair inside the jail. At that point, Mr. Hodge was transferred into the custody of Faribault County and its employees.

13. Once he arrived at the jail, Mr. Hodge spoke with Defendant Officer Anderson. Mr. Hodge informed Officer Anderson that he was severely disabled, that had recently suffered a medical accident to his left arm, that he had extremely limited use of his arms, and that he was unable to care for himself or accomplish personal hygiene tasks. Defendant Officer Anderson listened to Mr. Hodge's concerns but did not provide any response as to how these concerns would be addressed while Mr. Hodge was in custody.

14. Shortly after, Mr. Hodge was booked into the jail by Defendant Officer Boettcher. During the booking process, Mr. Hodge told Officer Boettcher that he was severely disabled, that he had recently suffered a medical accident to his left arm, that he had extremely limited use of both of his arms, and that he was unable to care for himself or accomplish personal hygiene tasks.

4

Mr. Hodge also specifically told Officer Boettcher that he was unable to and needed help with cleaning and showering, that he needed help with using the toilet, and that he was unable to and needed help with wiping and cleaning himself after using the toilet. Defendant Officer Boettcher did not provide any response as to how these concerns would be addressed while Mr. Hodge was in custody. Mr. Hodge also informed Defendant Officer Boettcher that he was experiencing diarrhea and frequent bowel movements that day and asked to use the bathroom because he needed to defecate. Officer Boettcher then escorted Mr. Hodge into what he referred to as the jail's handicap accessible cell, placed Mr. Hodge inside this cell, and then exited and locked the cell, leaving Mr. Hodge inside the cell alone. Although Mr. Hodge had just told Officer Boettcher that he needed assistance with using the toilet, Officer Boettcher offered no help or assistance whatsoever prior to leaving Mr. Hodge inside the cell.

15. Once inside the cell, Mr. Hodge immediately attempted to get on the toilet to defecate. It took Mr. Hodge approximately 3 minutes to get on the toilet, but he finally managed to get on and proceeded to have a bowel movement. Because Mr. Hodge could not clean or wipe himself after defecating, he then proceeded to yell for help. After approximately 5-10 minutes of yelling for help, Correctional Officer Doe 2 finally responded and asked Mr. Hodge what he needed. Mr. Hodge was unable to see or identify this Officer from the toilet, but he immediately responded that he needed help with the toilet and cleaning himself. Officer Doe 2 responded that he would not help Mr. Hodge and left.

16. Mr. Hodge then attempted to wipe and clean himself but, due to his injuries, disabilities, and inability to move his arms and fingers, Mr. Hodge was unable to wipe or clean himself. After numerous attempts, Mr. Hodge realized that he was unable to clean himself, put his pants back on, and got back into his wheelchair soiled with his own feces after having diarrhea.

17. Sometime around 5:00 p.m., Defendant Nurse Doe 1 came to visit Mr. Hodge. During this visit, Mr. Hodge told Nurse Doe 1 that he was severely disabled, that he had recently suffered a medical accident to his left arm, that he had extremely limited use of both of his arms, and that he was unable to care for himself or accomplish personal hygiene tasks. Mr. Hodge also specifically told Defendant Nurse Doe 1 that he was unable to and needed help with cleaning and showering, that he needed help with using the toilet, and that he was unable to and needed help with wiping and cleaning himself after using the toilet. Mr. Hodge also informed Nurse Doe 1 that he recently had a bowel movement and that he was unable to clean or wipe himself and that he was soiled with feces as a result. Mr. Hodge also asked Nurse Doe 1 to clean him or have someone else clean him.

18. Defendant Nurse Doe 1 told Mr. Hodge that it was not her job to clean him after bowel movements, that it was the end of her workday on Friday, and that she was going home. Mr. Hodge then asked Nurse Doe 1 to have him taken to a hospital where his hygiene needs could be addressed, but Nurse Doe 1 stated that she would not make any such arrangements. Defendant Nurse Doe 1 refused to clean or wash Mr. Hodge and also refused to make arrangements for him to be cleaned or washed. Defendant Nurse Doe 1 then left Mr. Hodge soiled in his own feces and, upon information and belief, went home.

19. After Defendant Nurse Doe 1 left, Mr. Hodge was seen by Corrections Officers Does 3 and 4. Mr. Hodge informed these Officers that he was soiled with his own feces as a result of his injuries and disabilities and asked Does 3 and 4 to wipe and clean Mr. Hodge or make arrangements for him to be wiped or cleaned. Mr. Hodge also requested to be taken to a hospital where his hygiene needs could be addressed by medical staff. Defendants Does 3 and 4 refused to assist Mr. Hodge in any way.

20. Mr. Hodge had several additional bowel movements between Friday night and Saturday morning. Mr. Hodge made his best efforts to wipe his feces after these bowel movements, which were unsuccessful. By Saturday morning, Mr. Hodge's cell, toilet, and wheelchair were soiled with feces, Mr. Hodge's clothes were soiled with feces, and the bed and sheets in which Mr. Hodge slept were also soiled with feces. Mr. Hodge also could not wash or shower himself due to his disabilities. In addition, the handicap bars inside the cell were designed and installed in such a way that Mr. Hodge could not effectively use them due to his fingers being injured and disabled, which also made it extremely difficult for Mr. Hodge to shower or get around the cell without assistance.

21. On Saturday morning, Defendant Officer Doe 5 visited Mr. Hodge in his cell. Mr. Hodge told Officer Doe 5 that he was soiled with his own feces as a result of his injuries and disabilities and asked Officer Doe 5 to wipe and clean Mr. Hodge or make arrangements for him to be wiped or cleaned. Mr. Hodge also requested to be taken to a hospital where his hygiene needs could be addressed by medical staff. Officer Doe 5 refused to assist Mr. Hodge in any way.

22. Due to his numerous attempts to wipe and clean himself, Mr. Hodge ran out of toilet paper on Saturday morning. Defendant Doe 6 visited Mr. Hodge on Saturday morning. Mr. Hodge told Officer Doe 6 that he was soiled with his own feces as a result of his injuries and disabilities and asked Doe 6 to wipe and clean Mr. Hodge or make arrangements for him to be wiped or cleaned. Mr. Hodge also requested to be taken to a hospital where his hygiene needs could be addressed by medical staff. Defendant Doe 6 refused to assist Mr. Hodge in any way. Mr. Hodge also told Officer Doe 6 that his clothes were soiled with feces and asked Officer Doe 6 to bring him some fresh clothes and some toilet paper. Defendant Doe 6 told

Mr. Hodge that new clothes are provided on Tuesdays and it was only Saturday and also told Mr. Hodge that she was too busy to bring him toilet paper.

23. At approximately 5 hours later, Defendant Officer Doe 7 brought Mr. Hodge a new set of clothes, told Mr. Hodge that he would soon be released, and told Mr. Hodge to take a shower and change clothes. Mr. Hodge asked Defendant Doe 7 to assist him with taking a shower or make arrangements for someone else to assist him. Officer Doe 7 refused to assist Mr. Hodge or arrange for someone else to assist him. Although Mr. Hodge found it extremely difficult and painful to do, Mr. Hodge showered himself the best he could. During the shower, Mr. Hodge had difficulty reaching many areas of his body and was unable to adequately clean all of the feces from his body. After the shower, Mr. Hodge put on the new set of clothes he was provided.

24. Mr. Hodge was released from Faribault County Jail shortly after 4:00 p.m., on February 26, 2011.

25. Upon information and belief, Defendant Officers Does 8-10 knew that Mr. Hodge was soiled in his own feces and unable to clean himself on February 25 and February 26, 2011, but refused to provide any assistance to Mr. Hodge and refused to make any arrangements for Mr. Hodge to be wiped, cleaned, or showered.

26. A number of the individual Defendants who had contact with Mr. Hodge during the subject incident told him that it was not their job to provide the assistance he requested and that providing such assistance was not part of their job description.

27. As a result of the Defendants' actions, Mr. Hodge suffered physical pain and discomfort.

28. As a result of the Defendants' actions, Mr. Hodge was forced to remain soiled in his own feces for an extended period of time and to use a cell, bed, toilet, and wheelchair which were all soiled in feces.

29. As a result of the Defendants' actions, Mr. Hodge suffered emotional distress, shame, humiliation, embarrassment, upset mood, stress, and diminished quality and enjoyment of life.

## INJURIES SUFFERED

30. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional right to substantive due process of law under the Fourteenth Amendment to the United States Constitution;

   b. Physical pain, suffering, and discomfort, as outlined above;

   c. Emotional distress and suffering, as outlined above.

31. The actions of the Defendants violated Plaintiff's clearly established and well settled federal constitutional right to substantive due process of law.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION AGAINST ALL INDIVIDUAL DEFENDANTS

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

33. Based on the above factual allegations, Defendant Officers Anderson, Boettcher, and Does 2-10, and Nurse Doe 1, through their actions, acting under the color of state law, violated Plaintiff's Fourteenth Amendment right to substantive due process of law. Specifically,

Plaintiff had a Fourteenth Amendment liberty interest in bodily integrity, and Defendants deprived Plaintiff of this liberty interest when they left him inside the cell soiled in his own feces and refused to assist or clean him in any way.

34. The Defendants' actions against Plaintiff, as outlined above, constitute punishment, were carried out for the purpose of punishment, were not reasonably related to any legitimate governmental interest or purpose, and are shocking to the conscience.

35. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION AGAINST FARIBAULT COUNTY

36. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

37. Prior to February 25, 2011, Defendant Faribault County developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in Faribault County or in the custody of Faribault County, which caused the violations of Plaintiff's constitutional rights.

38. It was the policy and/or custom of Defendant Faribault County to inadequately supervise and train its employees, including the individual Defendants, thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

39. Specifically, Defendant Faribault County had failed to adequately train its employees or develop adequate policies and procedures to address the detention and handling of severely disabled and/or handicapped detainees. It was also the policy and/or custom of Defendant Faribault County to fail to provide personal hygiene assistance to severely disabled and/or handicapped detainees.

40. As a result of these policies and/or customs and lack of training, employees of Faribault County, including the individual Defendants, believed that their actions would not be

properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. These policies and/or customs and lack of training were the cause of the violations of Plaintiff's constitutional rights alleged herein.

### COUNT 3: 42 U.S.C. § 12132 – ADA PUBLIC SERVICES DISCRIMINATION AGAINST FARIBAULT COUNTY

42. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

43. Plaintiff is "qualified individual with a disability" as defined under 42 U.S.C. § 12101, et seq.

44. Defendant Faribault County is "public entity" as defined under 42 U.S.C. § 12101, et seq.

45. Based on the above factual allegations, Defendant Faribault Count unlawfully discriminated against Plaintiff on the basis of his disability and denied Plaintiff equal access to its services on the basis of his disability in violation of the ADA when Plaintiff was left in the cell soiled in his own feces and when Plaintiff was refused assistance with showering, cleaning, and personal hygiene.

46. As a result of these violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: NEGLIGENCE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

47. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

48. Based on the above factual allegations, the individual Defendants negligently left Plaintiff in a cell soiled in his own feces for an extended period of time and negligently refused to assist Plaintiff, or arrange for assistance, with cleaning, showering, and providing personal hygiene.

49. Defendant Faribault County is vicariously liable to Plaintiff for the negligence of its employees and also directly liable to Plaintiff under the theories of negligent retention and/or supervision.

50. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution, discriminated against Plaintiff in violation of the ADA, and committed negligence against Plaintiff under Minnesota state law, and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205;

e. A declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that (1) Defendant Faribault County unlawfully discriminated against Plaintiff in violation of the ADA and (2) Defendant Faribault County's policies, practices, procedures, and training of jail employees, specifically pertaining to rights of disabled and/or handicapped individuals, are inadequate and inconsistent with the ADA;

f. A permanent injunction, ordering Defendant Faribault County to adopt policies, practices, procedures, and training such that disabled and/or handicapped Faribault County Jail detainees are provided adequate hygiene care and personal assistance;

g. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL**


THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: July 21, 2014                    By: s/ Zorislav R. Leyderman
                                             ZORISLAV R. LEYDERMAN
                                             Attorney License No. 0391286
                                             Attorney for Plaintiff
                                             The Law Office of Zorislav R. Leyderman
                                           222 South 9th Street, Suite 1600
                                           Minneapolis, MN 55402
                                           Tel: (612) 876-6626
                                           Email: zrl@ZRLlaw.com